CALABRIA, Judge.
On 30 May 2002, David Lee Jordan (the "victim") and his friend Stephen Faulker ("Faulker") moved the victim's belongings from Myrtle Beach, South Carolina to the victim's new residence in Wilmington, North Carolina. Faulker drove the victim's vehicle while the victim sat in the passenger seat. Upon their arrival in Wilmington, the victim instructed Faulker to drive into what Faulkner described as a "bad looking neighborhood" so the victim could purchase crack cocaine.
Faulker drove to the neighborhood and pulled to the curb. An individual other than Duane Andre Harvin ("defendant") approached the driver's side door of the car. Faulker directed him to the victim. The individual went to the passenger's side of the vehicle, spoke with the victim, and handed the victim a piece of crack cocaine. The victim did not have enough money to purchase the drugs; therefore, as soon as he received the crack cocaine, he yelled to Faulker, "Go, go, go!" Faulker heard three gunshots as he sped off, and the victim told him, "I'm shot." Faulker drove to a nearby bar and called 911. The victim died by the time assistance arrived. The fatal shot entered the victim's back between his shoulder blades and exited from the center of his chest.
Defendant was indicted on 13 January 2003 and tried for one count of discharging a firearm into occupied property and one count of first-degree murder. Relevant to this appeal, testimony at trial indicated defendant was a drug dealer in the area where the incident occurred, and the individual who approached the victim was his "drug runner." A drug runner is a person who, on behalf of the drug dealer, approaches individuals, determines what they want, conducts the exchange of drugs for money, and then gives the money back to the drug dealer. On 1 August 2003, a jury returned verdicts of guilty of first-degree murder under the felony murder rule and discharging a weapon into occupied property. The trial court arrested judgment as to the discharge of a weapon into occupied property and sentenced defendant to life imprisonment without parole. Defendant appeals.
I. Evidentiary Rulings
A. Character Evidence Defendant asserts the trial court committed reversible error by admitting, over defendant's objection, testimony concerning whether defendant was a drug dealer because it was unfairly prejudicial, improper character evidence under N.C. Gen. Stat. § 8C-1, Rules 403 and 404 (2003). We disagree.
Rule 404(b) states, in relevant part, as follows:
(b) Other crimes, wrongs, or acts. - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
"Rule 404(b) is a rule of inclusion `subject to but one exception requiring [the] exclusion [of evidence] if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.'" State v. Rose, 339 N.C. 172, 189, 451 S.E.2d 211, 221 (1994) (quoting State v. Coffey, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990)). "[E]ven though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried." Coffey, 326 N.C. at 279, 389 S.E.2d at 54 (internal quotation marks and citation omitted).
In the instant case, evidence that defendant was a drug dealer was admissible and relevant to show his motive for firing at the fleeing car. The State's theory of the case was that defendant fired at the victim when the victim tried to steal the cocaine from defendant's drug runner by leaving without paying for the drugs. Without the knowledge that defendant was a drug dealer in the area, the jury would have no basis upon which it could determine defendant's reason for firing at the car, and the State's case would have made little sense. Accord State v. Ligon, 332 N.C. 224, 420 S.E.2d 136 (1992) (evidence that defendant dealt drugs was properly admitted to show motive under Rule 404(b) where the State contended the victim was shot because he attempted to steal cocaine from defendant). Accordingly, the evidence was admissible to show defendant's motive.
Defendant alternatively argues the evidence was inadmissible as unfairly prejudicial under Rule 403, which provides as follows:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
"The decision whether to exclude relevant evidence under Rule 403 lies within the sound discretion of the trial court, and its ruling may be reversed for abuse of discretion only upon a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision[.]" State v. Garcia, 358 N.C. 382, 416-17, 597 S.E.2d 724, 749 (2004) (internal citations and quotation marks omitted). In the case sub judice, however, the challenged evidence provided defendant's motive for firing at the victim's car. Accordingly, we cannot say the trial court abused its discretion indetermining that the danger of unfair prejudice of the testimony did not substantially outweigh the probative value. This assignment of error is overruled.
B. Limitation on Cross-Examination
Defendant next argues that the trial court improperly limited his cross-examination of a witness about "false statements he made on a sworn financial affidavit submitted . . . to the trial court[.]" The State contends that defendant has not properly preserved this issue for appellate review because defendant made no offer of proof of the excluded testimony. We agree with the State.
Our Supreme Court has said,
[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record. . . . [T]he essential content or substance of the witness' testimony must be shown before we can ascertain whether prejudicial error occurred.
State v. Simpson, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). In the instant case, the following exchange took place between counsel for defendant and Terrence Howard, a witness for the State:
Q: Mr. Howard, can I show you something and ask you to take a look at it for just a minute?
A: Which one, both?
Q: Yeah, both. That would be the back of that one, so to speak, that has your signature on it, right?
A: (No response.)
Q: Could you just answer that for Ms. Stancill, the court reporter?
A: Yeah, this is my signature.
Q: And that was given under oath, right?
A: I guess so. Q: Well, I mean -
A: This is a lawyer's thing, isn't it? Is it a payment?
Q: Well, when you were arrested back -
A: Court-appointed lawyer.
Q: I'm sorry, go ahead and read it.
A: Court-appointed lawyer, yeah. I put "homeless" just so I can get the lawyer.
Q: Okay.
A: If that's what you are trying to ask.
Q: Oh, okay.
JUROR NO. 9: We can't hear.
A: I put "homeless" on this so I could get the lawyer, you know. If you have some sort of source of income, they might charge you. I been through this a lot. If you have some sort of source of income, they'll charge you, so I put homeless. I have no source of income so they have to give me a lawyer and if they charge me the money, the $50 and I go to prison, I don't have to pay it because I'm doing state time.
[PROSECUTOR]: Your Honor, I'm going to object to this line of questioning and testifying.
THE COURT: It's time to move on. You made your point.
[DEFENSE COUNSEL]: Thank you, Mr. Howard.
Defendant made no offer of proof of the excluded testimony at trial; therefore, we have no record of the testimony defendant sought to elicit and are left without the ability to determine what, if any, error occurred. Since defendant has not properly preserved this issue for our review, this assignment of error is overruled.
II. Motion to Dismiss
Defendant assigns as error the trial court's failure "to dismiss the charge of first degree murder based upon the felony murder rule" on the grounds that "there was insufficient evidence as a matter of law to support the underlying felony of discharging a firearm into an occupied vehicle." Defendant specifically argues that the evidence was insufficient to show that defendant was firing "into" the moving vehicle but rather only showed that defendant fired "at" the moving vehicle. In State v. Wall, 304 N.C. 609, 617, 286 S.E.2d 68, 73-74 (1982), our Supreme Court said that "[i]t is an inherently incredible proposition that defendant could have intentionally fired a shot `at' the fleeing [vehicle] without intending that the bullet go `into' the vehicle." Defendant's reliance on the reasoning set forth by the dissent in Wall is unavailing. This assignment of error is overruled.
No error.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).